(January 30, 1896.)

## BOULWARE v. PARKE.

[43 Pac. 680.]

COMPLAINT—WATER RIGHTS—WATER DISTRICTS—NONJOINDER OF PARTIES.—Record examined and held that complaint states cause of action. In an action concerning water rights, where it does not appear from the complaint that the subject of litigation is within any water district, or that there is any water master in charge of the water in question, a demurrer based upon the nonjoinder of the water master is not well taken.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

H. S. Hampton, for Appellant.

To the amended complaint defendant filed his demurrer, being a general demurrer to each count, and containing the further objection that the water master is not joined as a party defendant. The demurrer was sustained, generally, plaintiff refused to amend, and judgment by default was taken against her for one dollar and sixty-five cents costs. It does not appear on the face of the complaint, as provided in section 4174 of the Revised Statutes of Idaho, that the water master is a necessary or proper party to this action. He could not be a real party in interest, nor could he have any "interest in the controversy adverse to plaintiff," as provided in section 4102 of the Revised Statutes. The question of a nonjoinder of the water master could only be raised by answer showing that a water district existed, that a water master had been elected, and that he had attempted to regulate the waters of Cassia creek in general and the rights of these parties to this action in particular. (See Idaho Rev. Stats., sec. 4177.) Chapter 111 of title 9 of the Revised Statutes of Idaho is repealed by express provision, and by necessary implication, by two laws passed by the last session of the state legislature. 3d Sess. Laws, pp. 174, 183; Sedgwick on Construction of Statutes, 105; *United States v. Tyner,* 11 Wall. 88; *Norris v. Croker,* 13 How. (U. S.) 429; *Pana v. Bowler,* 107 U. S. 529, 2 Sup. Ct. Rep. 704; *State v. Stall,* 17 Wall. 425; *Davis v. Fairburn,* 3 How. (U. S.) 636; *United States v. Clafin,* 97 U. S. 546; *Heckman v. Puckney,* 81 N. Y. 211.)

Hawley & Puckett, for Respondent.

We raise the point by our demurrer that the water master of the district wherein the stream in question is situated is a proper and necessary party. That there is a water master in the district is conceded by the complaint itself. The powers and duties of water masters are presented in sections 3200-3205 of the Revised Statutes. Appellant contends that the Law of the Third Session, page 173 et seq., repeals these sections of

the Revised Statutes. We submit that a reading of the law referred to in the light of the authorities cited at page 9 of appellant's brief will show the fallacy of this argument. The decree referred to in the complaint contemplates the distribution of the decreed waters under the direction of the water master of the district. The water master would not be the agent of the defendant as claimed in appellant's brief, but under the sections quoted would be a public officer with certain defined duties and powers. It becomes his duty to distribute the water according to the rights of the parties interested. If he failed to do this in a proper manner, and to the detriment of plaintiff, he becomes responsible on his official bond, provided for in section 3200.

HUSTON, J.—Plaintiff brought action against defendant for damages alleged to have been sustained by plaintiff by reason of the wrongful violation by defendant of a decree made and entered by the district court of Cassia county in an action in said court concerning certain conflicting claims to water rights, to which action both plaintiff and defendant were parties. The complaint sets forth the decree, the circumstances, and particular acts of defendant in violation thereof, the nature and extent of the damage, and prays judgment. To this complaint defendant filed a general demurrer to each count, and raised the further objection that the water master of the district was not joined as defendant. From an order and judgment of the district court sustaining the demurrer, this appeal is taken. We have carefully examined the complaint, and have no hesitancy in saying that each count or subdivision states a good cause of action. It is true that there is much matter in the complaint that might well have been left out, but objection to this should have been raised in another way. The objection of nonjoinder is not well taken. *Non constat,* from anything in the complaint, that there was either a water master or water district in the precinct or county where the subject of litigation is situated. Counsel, both in their briefs and in their arguments, raise questions which we deem of too much importance to be decided in a case which does not present them in a manner which would give our decision greater weight than

mere *dicta*. The judgment of the district court is reversed, and cause remanded, for further proceedings in accordance with this opinion. Costs to appellant.

Morgan, C. J., and Sullivan, J., concur.